UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

QUEBECOR WORLD (USA) INC.,                                    06-CV-0439E(F)

                       Plaintiff,                                    MEMORANDUM

           -vs-                                                                     and

RECOGNITION COMMUNICATIONS, INC.,                         ORDER[1]

                 Defendant.

_____

## BACKGROUND

      Plaintiff Quebecor World (USA), Inc. ("Quebecor") entered into contracts with

defendant Recognition Communications, Inc. ("RCI") by which Quebecor was to print

the 2004 through 2006 versions of the Texas State Travel Guide and the 2006 version

of the Texas Accommodations Guide.  In this action, Quebecor alleges that it printed

500,000 copies of the Texas State Travel Guide and approximately 803,000 copies of

the Texas Accommodations Guide and that RCI failed to compensate Quebecor for

the same thereby breaching the contracts and obtaining unjust enrichment.

      Currently pending before the Court is RCI's Motion, pursuant to 28 U.S.C.

§1404(a), to Transfer Venue of this action to the Northern District of Texas,

notwithstanding the fact that the agreements between it and Quebecor contained

a forum selection clause designating the federal or state courts of the State of New

---

[1]This decision may be cited in whole or in any part.

York as the forum in which any disputes would be determined.  Quebecor filed

opposition to the Motion and the Court heard oral argument on September 22, 2006.

### DISCUSSION

A district court may "[f]or the convenience of parties and witnesses, in the

interests of justice, *** transfer any civil action to any other district or division where

it might have been brought."  28 U.S.C. §1404(a).  The moving party bears the burden

of establishing the propriety of the transfer by a clear and convincing showing.  *See*

*Ford Motor Co.* v. *Ryan*, 182 F.2d 329, 330 (2d Cir.), *cert. denied*, 340 U.S. 851 (1950).

The decision whether to transfer venue lies in the sound discretion of the district

court.  *See Air-Flo M.G. Co.* v. *Louis Berkman Co.*, 933 F. Supp. 229, 233 (W.D.N.Y.

1996).

With respect to such a motion, the Court considers "(1) whether the action

might have been brought in the proposed transferee forum; and (2) whether the

transfer promotes convenience and justice."  *Excelsior Designs, Inc.* v. *Sheres*, 291 F.

Supp. 2d 181, 185 (E.D.N.Y. 2003) (internal citations omitted).  Furthermore, the

United States Supreme Court has stated that:

> "The presence of a forum-selection clause such as the parties entered
> into in this case will be a significant factor that figures centrally in the
> district court's calculus.  *** [T]he [d]istrict [c]ourt will be called on to
> address such issues as the convenience of [the chosen] forum given the
> parties' expressed preference for that venue, and the fairness of transfer
> in light of the forum-selection clause and the parties relative bargaining
> power."

*Stewart Organization, Inc.* v. *Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Courts weigh several factors in the determination of whether a proposed transferee venue is more convenient than the current venue. Those factors include: (1) the place where the operative facts occurred, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) the relative ease of access to sources of proof, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the plaintiff's choice of forum, (7) the forum's familiarity with the governing law and (8) trial efficiency and the interests of justice. *See ibid*; *see also AEC One Stop Group, Inc.* v. *CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004).

In support of its Motion, RCI argues that a number of factors support a transfer of this action to the Northern District of Texas. However, the facts and factors cited really only pertain to the first two considerations noted *supra*, *i.e.*, the place where the operative facts occurred[2] and the convenience of the parties. Absent from RCI's argument is any analysis of the remaining factors pertaining to the convenience of witnesses, ease of access to sources of proof, availability of process to compel unwilling witnesses, the plaintiff's choice of forum, the forum's familiarity with the governing law and trial efficiency and the interests of justice.

---

[2]RCI asserts that the contracts were negotiated in Texas, were signed in Texas and Kansas, that the books were printed in Tennessee and were shipped to Texas and Minnesota. RCI further asserts that there is another action involving RCI and other entities of Quebecor and "similar" issues pending in a Texas state court.

RCI acknowledges that the agreement contains a forum-selection clause. RCI does not assert that such clause is invalid or was the product of unequal bargaining power.  RCI simply contends that it would be "inconvenient" in some unspecified manner for its Chairman Eric Kincaid and its Vice-President Lance Kincaid to have to travel to New York to litigate this action.  Such is insufficient to meet RCI's burden of demonstrating by a clear and convincing showing that transfer to the Northern District of Texas is appropriate.

Accordingly, it is hereby **ORDERED** that RCI's Motion to Transfer Venue is denied.

DATED:      Buffalo, N.Y.

            March 9, 2007


_____
            /s/ John T. Elfvin
            JOHN T. ELFVIN
            S.U.S.D.J.