UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

QUEBECOR WORLD (USA) INC.,

                Plaintiff,

v.                                         **DECISION AND ORDER**
                                                      06-CV-439S

RECOGNITION COMMUNICATIONS, INC.

                Defendant.
_____

## I. INTRODUCTION

In this action, Plaintiff Quebecor World (USA) Inc. ("Quebecor") alleges that Defendant Recognition Communications, Inc. ("RCI") breached contracts to pay for printing services Quebecor provided in connection with the publication of the Texas Travel Guide Program and the 2006 Texas Accommodations Guide. Presently before this Court is Quebecor's Motion for Summary Judgment.[1] This Court has reviewed and considered the motion papers and finds that oral argument is unnecessary. For the following reasons, Quebecor's motion is granted.

## II. FACTS

Quebecor is a commercial print media corporation organized under the laws of the State of Delaware, with its principal place of business in North Haven, Connecticut. (Statement of Undisputed Facts, Docket No. 30, ¶ 1.) RCI is a custom magazine publisher

---

[1] In support of its Motion for Summary Judgment, Quebecor filed the following documents: the Declaration of Heath J. Szymczak, Esq., the Affidavit of Keith Oelke, a Statement of Undisputed Facts, and the Reply Declaration of Heath J. Szymczak, Esq. (Docket Nos. 28, 29, 30, 37). In opposition to Quebecor's motion, RCI filed the Declaration of Shawn P. Martin, Esq. and the Affidavit of Eric Kincaid. (Docket Nos. 32, 33).

1

and advertising sales representative. (Statement of Undisputed Facts, ¶ 2.) It is a Nevada corporation with its principal place of business in Shawnee Mission, Kansas. (Statement of Undisputed Facts, ¶ 2.)

The salient facts are not in dispute. Quebecor and RCI entered into two agreements that are the subject of this litigation: the Travel Guide Agreement for the Texas Travel Guide Program and the Accommodations Guide Agreement for the 2006 Accommodations Guide. (Statement of Undisputed Facts, ¶¶ 3, 17.)

The parties entered into the Travel Guide Agreement on July 11, 2003.[2] (Statement of Undisputed Facts, ¶ 3.) The agreement calls for RCI to pay Quebecor for printing services for the Texas Travel Guide Program for the years 2004 – 2006. (Statement of Undisputed Facts, ¶ 3.) Pursuant to the agreement, Quebecor printed and delivered to RCI approximately 500,000 copies of the Texas Travel Guide. (Statement of Undisputed Facts, ¶¶ 4, 6.) RCI accepted the travel guides, but has not remitted the agreed-upon payment of $592,628.99, despite Quebecor having invoiced it for that amount on December 8, 2005. (Statement of Undisputed Facts, ¶¶ 6, 9, 11, 12, 15.)

The parties entered into the Accommodations Guide Agreement on July 28, 2005.[3] (Statement of Undisputed Facts, ¶ 17.) The agreement requires RCI to pay Quebecor for printing services for the 2006 Texas Accommodations Guide. (Statement of Undisputed Facts, ¶ 17.) Pursuant to the agreement, Quebecor printed and delivered to RCI 803,072 copies of the 2006 Texas Accommodations Guide. (Statement of Undisputed Facts, ¶¶

---

[2] The Travel Guide Agreement is appended to the Complaint as Exhibits A and B.

[3] The Accommodations Guide Agreement is appended to the Complaint as Exhibit D.

18, 19.)  RCI accepted the accommodation guides, but has not remitted the agreed-upon payment of $248,080.23, which includes freight charges, despite Quebecor having sent invoices on December 13, 2005, and March 31 and May 5, 2006.  (Statement of Undisputed Facts, ¶¶ 20, 23, 25, 28.)

### III.  DISCUSSION

**A.    Summary Judgment Standard**

Summary Judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003).  A fact is material if it "might affect the outcome of the suit under governing law."  Anderson, 477 U.S. at 248.

The party seeking summary judgment must first demonstrate the absence of any disputed material facts.  The opposing party is then required to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008).  To carry this burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and it "may not rely simply on conclusory statements or on

contentions that the affidavits supporting the motion are not credible . . . or upon the mere allegations or denials of the adverse party's pleading," Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (internal quotation and citations omitted).

In assessing whether summary judgment is appropriate, the court's obligation is to view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

**B.    Plaintiff's Motion for Summary Judgment**

Quebecor asserts breach of contract, account stated, and unjust enrichment claims based on RCI's failure to pay for the goods and services Quebecor provided under the Travel Guide and Accommodations Guide Agreements. Arguing that there is no genuine issue of material fact, Quebecor seeks a judgment of $592,628.99 under the Travel Guide Agreement, and $248,080.23 under the Accommodations Guide Agreement, plus interest, attorney's fees, and costs, as provided in the two agreements.

RCI has not contested any of the material facts in this case. The only documents RCI filed in opposition to Quebecor's motion are a 4-paragraph, non-substantive attorney declaration, and a 2-page affidavit from Eric Kincaid, Chairman of RCI. (Docket Nos. 32, 33.) RCI did not file a Statement of Disputed Facts as required by this district's local rules.

See Local Rule 56.1(b).  Consequently, this Court deems the material facts set forth in Quebecor's Statement of Undisputed Facts to be admitted.  See Local Rule 56.1(c) ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.")

To establish a claim for breach of contract, a plaintiff must demonstrate (1) that a contract between the parties existed, (2) that the plaintiff performed is obligations under the contract, (3) that the defendant breached its obligations under the contract, and (4) that the plaintiff suffered damages.  Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 5222, 525 (2d Cir. 1994); W.B. David & Co., Inc. v. DWA Commc'ns, Inc., No. 02 Civ. 8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 6, 2004).

Here, these elements are undisputed.  RCI does not challenge that contracts existed between itself and Quebecor, that Quebecor performed its obligations, that RCI did not pay Quebecor for the goods and services provided, or that Quebecor suffered damages. Instead, the Kincaid affidavit raises collateral issues relating to RCI's failure to seek reimbursement from the Texas Department of Transportation for certain storage and freight payments it allegedly made to Quebecor's fulfillment subcontractor (Impact Mailing). (Kincaid Aff., ¶¶ 4 - 7.)  RCI does not explain how its failure to seek reimbursement from a third party is relevant in this matter or how it constitutes a genuine issue of material fact that precludes summary judgment.  To the extent that the Kincaid Affidavit can be read as challenging Quebecor's entitlement to invoice for freight charges, the Accommodations Guide Agreement explicitly provides that "All postage and freight is additional." (Complaint,

5

Exhibit D.)

Accordingly, this Court finds that Quebecor is entitled to summary judgment on its breach of contract claims, there being no genuine issues of material fact. This Court therefore need not address Quebecor's alternative claims under account stated and unjust enrichment theories. Quebecor is entitled to judgment of $592,628.99 for RCI's breach of the Travel Guide Agreement, and $248,080.23 for RCI's breach of the Accommodations Guide Agreement, plus interest, attorney's fees, and costs, as provided in paragraphs 4 and 13 of the two agreements. (Complaint, Exhibits A and D.) Quebecor will be directed to file a statement of reasonable attorney's fees, costs, and an updated interest calculation.

### IV.  CONCLUSION

For the reasons stated above, Quebecor's Motion for Summary Judgment on its cause of action for breach of contract is granted.

### V.  ORDERS

IT IS HEREBY ORDERED, that Quebecor's Motion for Summary Judgment (Docket No. 27) is granted.

FURTHER, that Quebecor is entitled to $592,628.99 in damages on its first cause of action for RCI's breach of the Travel Guide Agreement, and $248,080.23 in damages on its fourth cause of action for RCI's breach of the Accommodations Guide Agreement.

FURTHER, that Quebecor is entitled to recover interest and its reasonable attorney's fees and costs pursuant to the two agreements.

FURTHER, that Quebecor shall file and serve a statement of reasonable attorney's fees, costs, and an updated interest calculation on or before September 12, 2008.

FURTHER, that RCI may file a response to Quebecor's statement by September 26, 2008.

SO ORDERED.

Dated:   August 16, 2008
         Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge

.